UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ALLAN THOMAS | CIVIL ACTION NO. 13-2326 |
| VERSUS | JUDGE ROBERT G. JAMES |
| FRED HILL, ET AL. | MAG. JUDGE KAREN L. HAYES |

**RULING**

Pending before the Court is a Motion in Limine [Doc. No. 18] filed by Plaintiff Allan Thomas ("Thomas") in the above-referenced matter. This is an employment discrimination case brought by Thomas against his former employer, Defendant Fred Hill, Jr. ("Hill"), who owns Home Appliance Parts and Service, Skent-N-Dent Outlet, Hillco Overhead Doors and Hillco Properties City of Monroe. Thomas alleges that Hill discharged him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Louisiana Employment Discrimination Law ("LEDL"), La. Rev. Stat. 23:303, *et seq.*

Trial is set in this matter for September 15, 2014, at 9:00 a.m. In discovery, Hill produced a copy of Thomas' post on the social media site Facebook, which Hill intends to offer into evidence at trial. The following exchange on Facebook took place between Buddy Welch and Thomas:

    Mr. Welch: Hey boy, you and Fred patch things up? If not you got something else lined up? I hope you do, and you will. Hope you're doin well my friend.

    Mr. Thomas: HELL NO! I,M SUING THE CRAP OUT OF HIM BUDDY! I won't ever go back to work for him. I actually just got back from a shut down job in Monticello Miss. I guess I'm going to do that for

> a while until something I like with good money comes up. Or until my lawsuit is finalized and then at that point I'll either own home appliance or retire. My lawyer said Fred is going to "SH*T" when he gets the law suit and the 40K of unpaid over time was chump change to the lawyers compared to the lawsuit amount so I'm guessing this law suit is going to be in the $000k figures so we will see.

[Doc. No. 18-1, p. 2].

Thomas now moves the Court to exclude the Facebook post from evidence under Federal Rules of Evidence 401 and 403, arguing that the post is not relevant and, even if relevant, its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and the misleading of the jury.

Hill opposes the Motion in Limine. He argues that the post is relevant to show Thomas' "hostility" towards Hill, "which resulted in his termination," and "his retaliatory and pecuniary motive for filing this lawsuit." [Doc. No. 22, p. 2]. Hill argues that the post supports his reason for terminating Thomas, shows his motive for filing the lawsuit, places Thomas' credibility at issue, and contains an admission against interest that Thomas is performing shut down work when he was supposedly disabled.

Additionally, Hill argues that the relevance of the post is not substantially outweighed by other considerations because this "hostile statement [was] made over four months after [Thomas'] termination," so it was not made in close enough proximity to be explained as an angry reaction. [Doc. No. 22, p. 3]. Hill also argues that Thomas' statement of the type of damages he intended to seek is consistent with the damages calculation performed by his attorney. Finally, Hill argues that the post provides him with proof of the non-discriminatory reason for Thomas' termination–Thomas' "hostile [and] disrespectful behavior." *Id.*

In a reply memorandum, Thomas responds that his comments were made after his termination, and, thus, they are irrelevant to any alleged hostility toward Hill that predated his termination. Rather, Thomas contends that his comments showed nothing more than the displeasure that is common after someone is terminated. Thomas also argues that the post is not relevant to show that he had a retaliatory and pecuniary motive for filing suit because all suits for damages in the context of wrongful termination have at their core a pecuniary motive, and there is not evidence of a retaliatory motive. Thomas also disputes that the Facebook post four months after his termination has any relevance to whether he was disabled or perceived as disabled when he was terminated or that the post somehow places his credibility at issue. Thomas has not disputed that he could work after he was terminated, and the use of this Facebook post to argue that he was not disabled would be misleading and confusing to the jury. Finally, Thomas questions the logic of Hill's argument that four months was too long for him to remain angry about his termination when Hill allegedly terminated him for hostile and disrespectful behavior occurring in February, 2011, seventeen months before the termination.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Evidence that does not satisfy Fed. R. Evid. 401 is inadmissible. FED. R. EVID. 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Having reviewed the record and considered the arguments of the parties, the Court finds

that Thomas' Facebook post has only marginal relevance that is substantially outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury.  Hill apparently intends to argue at trial that he terminated Thomas, in part, for his hostile and disrespectful attitude prior to August, 2012.  However, Thomas' hostility towards Hill months after his termination does not make it more or less probably that Thomas was hostile to Hill **before** he was terminated.  Additionally, the Court finds that Thomas' speculation as to the damages he might be able to recover from Hill is completely irrelevant to these proceedings.

However, the Court finds that the Facebook post has some marginal relevance.  Thomas has raised two theories of recovery under the ADA and LEDL--that he was terminated because of his actual disability and because he was regarded as disabled.  To this extent, the fact that he was working paper mill shut downs a few months after his termination has some marginal relevance to his actual disability claim.  Although the jury must make its determination of actual disability at the time Thomas was terminated, it can be argued that the fact that he was back working within a short time period after that date makes it less likely that he was disabled.  Nevertheless, the Court finds that, applying the balancing test of Rule 403, the Facebook post should be excluded from evidence.  The marginal relevance of the post is substantially outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury.  It is clear that Thomas has not and will not dispute at trial that he was working shut downs after his termination, and Hill will have the opportunity to place this fact into evidence.  If the post is allowed into evidence, the obvious danger is that the jury may well be swayed by improper considerations because of the angry nature of the post, rather than focus on its limited relevance.

Under these circumstances, Thomas' Motion in Limine is GRANTED, and the Facebook

post is EXCLUDED FROM EVIDENCE.

MONROE, LOUISIANA, this 29th day of August, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE